UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1156 CAS (RZx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | SERGIO K. BOSNICH; ET AL. v. CHASE BANK USA, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Sergio Bosnich, pro se<br>Vesela Bosnich, pro se | R. Travis Campbell |

**Proceedings:** **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** (filed 03/11/11)

## I. INTRODUCTION & BACKGROUND

On January 4, 2011, plaintiffs Sergio K. Bosnich and Vesela K. Bosnich filed suit against defendant Chase Bank USA, N.A. ("Chase"), in the Los Angeles County Superior Court alleging claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and abuse of process. On February 7, 2011, defendant removed the action to this Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332 and 1441(b).

In 2009, defendant filed actions entitled Chase Bank USA, N.A. v. Vesela K Bosnich, Case No. 09E07902 and Chase Bank USA, N.A. v. Sergio K Bosnich; et al., Case No. 09E08921 in the Los Angeles County Superior Court (the "state court actions"), seeking payment on significant charges plaintiffs incurred on credit card accounts they opened with Chase. See Deft.'s Request for Judicial Notice, Exhs. A and B; Pl.'s Request for Judicial Notice, Exhs. A and B.[1] Plaintiffs allege that on or about November

---

[1] Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, the Court takes judicial notice of exhibits A and B of defendant's request for judicial notice. See Deft.'s RJN, Exh. A (Stipulation for Entry of Judgment With Stay of Entry to Provide for Installment Payments filed in Chase Bank USA, N.A. v. Vesela K Bosnich, Case No. 09E07902); Exh. B (Summons and Complaint filed in Chase Bank USA, N.A. v. Sergio

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1156 CAS (RZx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | SERGIO K. BOSNICH; ET AL. v. CHASE BANK USA, N.A. | | |

20, 2009, they entered into a stipulated agreement with defendant to settle their debt on a Chase credit card account with the last four digits 1562 ("1562 account"). Complaint ¶ 7.[2] Pursuant to the terms of the agreement, plaintiffs were required to pay the principal amount of $11,605.33 plus interest at the rate of ten percent per annum through a series of monthly payments until the debt was paid in full. Id. Plaintiffs further allege that on or about November 29, 2009, they reached a similar stipulated agreement with defendant regarding another Chase credit card with the last four digits 5566 ("5566 account").[3] Id. ¶ 8.

Plaintiffs allege that they have performed pursuant to the terms of the agreements by paying the agreed upon amounts. Id. ¶ 9. Plaintiffs allege that despite their performance, on or about January 9, 2010, defendant began a "series of harassing, intimidating and humiliating phone calls demanding payments that [were] already being made. . . ." Id. ¶ 10. Plaintiffs further allege that on or about January 10, 2010, defendant began sending them letters, threatening legal action, income garnishment, personal property levy, and liens on real property to recover payments. Id. ¶ 11. Plaintiffs allege that they requested that defendant cease all communications with them, but defendant failed to do so. Id. ¶¶ 13–14. Plaintiffs also allege that on or about June 29, 2010, defendant filed a writ of execution that placed a levy on their checking accounts. Id. ¶ 15.

Based on defendant's communications and actions, plaintiffs allege claims for intentional and negligent infliction of emotional distress as well as for abuse of process. Id. ¶¶ 20–35.

---

K Bosnich; et al., Case No. 09E08921). The Court also takes judicial notice of exhibits A–D of plaintiffs' request for judicial notice. See Pl.'s RJN, Exhs. A & B (copies of Stipulation for Entry of Judgment With Stay of Entry to Provide for Installment Payments filed in the state court actions); C & D (copies of Notice of Settlement filed in state court actions).

[2] An agreement was reached between defendant and Vesela K. Bosnich regarding the 1562 account. See Deft.'s RJN, Exh. A; Pl.'s RJN. Exh. A.

[3] An agreement was reached between defendant and Sergio K. Bosnich regarding the 5566 account. See Pl.'s RJN, Exh. B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1156 CAS (RZx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | SERGIO K. BOSNICH; ET AL. v. CHASE BANK USA, N.A. | | |

On March 11, 2011, defendant filed the instant motion for judgment on the pleadings. On April 12, 2011, plaintiffs filed an opposition to defendant's motion. Defendant replied on April 25, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

"Judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1452, 1550 (9th Cir. 1989) (citing Fed. R. Civ. P. 12(c)). A court may, however, consider facts that "are contained in materials of which the Court may take judicial notice." Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) (citing Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.1994)).

## III.     DISCUSSION

Defendant argues that plaintiffs' claims are barred as a matter of law by California's absolute litigation privilege. Mot. at 4–7. The litigation privilege provides that a publication or broadcast made as part of a judicial proceeding is privileged. Cal. Civ. Code § 47(b). The California Supreme Court recently described the litigation privilege as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1156 CAS (RZx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | SERGIO K. BOSNICH; ET AL. v. CHASE BANK USA, N.A. | | |

> This privilege is absolute in nature, applying to all publications, irrespective of their maliciousness. The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action. The privilege is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.

Action Apartment Ass'n, Inc. v. City of Santa Monica, 41 Cal. 4th 1232, 1241 (2007) (citations and internal quotation marks omitted, modification in original). Although the litigation privilege was originally enacted as a defense to defamation, "the privilege is now held applicable to any communication, whether or not it amounts to a publication . . ., and all torts except malicious prosecution.'" Rusheen v. Cohen, 37 Cal. 4th 1048, 1057 (2006) (quoting Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990)); see also Action Apartment, 41 Cal. 4th at 1242 (noting that the litigation privilege has been applied to claims of abuse of process and intentional infliction of emotional distress, among others). The litigation privilege not only applies to the pleadings themselves, but extends to "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." Silberg, 41 Cal. 4th at 212.

Defendant argues that plaintiffs' claims are all based upon alleged statements made in connection with ongoing collection lawsuits filed by Chase against plaintiffs in the state court actions. Mot. at 4. Defendant contends that the litigation privilege bars plaintiffs' claims as a matter of law because any communicative conduct, including the act of filing pleadings, service of process, or service of writs of garnishment, are privileged. Id. at 5 (citing Silberg, 50 Cal. 3d at 212; Rusheen, 37 Cal. 4th at 1057). The Court agrees with defendant. Here, plaintiffs' allegations are grounded upon defendant's actions in seeking to collect payments under the terms of the stipulated agreements in the state court actions. Defendant's demands for payment in phone calls and letters, and the writ of execution placed on plaintiffs' checking accounts, were done "in the course of a judicial proceeding to achieve the objects of the litigation," and are therefore protected by the litigation privilege. Silberg, 41 Cal. 4th at 212; see also Rusheen, 37 Cal. 4th at 1065 (holding that actions taken to collect a judgment are protected by the litigation privilege "unless it is demonstrated that an independent, noncommunicative, wrongful act was the gravamen of the action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1156 CAS (RZx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | SERGIO K. BOSNICH; ET AL. v. CHASE BANK USA, N.A. | | |

Plaintiffs argue that the litigation privilege is inapplicable in the present context because the state court actions terminated on January 6, 2010, when notices of settlement were filed in those cases. Opp'n at 3–4. As an initial matter, plaintiffs' argument is incorrect as a matter of fact. In November 2009, plaintiffs entered into separate agreements with defendant, entitled "Stipulation for Entry of Judgment With Stay of Entry to Provide for Installment Payments." See Pl.'s RJN, Exhs. A & B. By the terms of the stipulated agreements, entry of judgment against plaintiffs was stayed pending the completion of the agreed upon monthly payment plans. Id. ("Plaintiff and Defendant stipulate to the entry of judgment for Plaintiff and against Defendant. . . . Plaintiff requests that entry of this judgment be stayed pursuant to the following terms."). On January 6, 2010, Notices of Settlement were filed in the state court actions. See id., Exhs. C & D. The notices explicitly state that dismissal of the actions is contingent upon the satisfaction of the terms of the stipulated agreements. Id. ("The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement."). The notices provide that a request for dismissal will be filed no later than April 1, 2014. Id. Accordingly, plaintiffs' own evidence makes clear that the state court actions are ongoing.

Moreover, even if the state court proceedings had terminated, the California Supreme Court has made clear that the litigation privilege extends to collection activities after the entry of a judgment. See Action Apartment, 41 Cal. 4th at 1241 ("The [litigation] privilege is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.") (internal quotation marks omitted); Rusheen, 37 Cal. 4th at 1063 ("Extending the litigation privilege to postjudgment enforcement activities that are necessarily related to the allegedly wrongful communicative act is consistent with public policy considerations."). Consequently, plaintiffs' argument in this respect is without merit.

Plaintiffs further argue that the litigation privilege does not bar claims under the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.33. Opp'n at 4–5 (citing Komarova v. Nat'l Credit Acceptance, Inc., 174 Cal. App. 4th 324, 330 (2009); Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1098–1101 (C.D. Cal. 2006)). In determining a motion for a judgment on the pleadings under Rule 12(c), the Court is confined to the allegations in the complaint. See

| | | | |
|---|---|---|---|

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | | O |
|---|---|---|---|

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1156 CAS (RZx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | SERGIO K. BOSNICH; ET AL. v. CHASE BANK USA, N.A. | | |

Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998) ("A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."); see also Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (internal quotation marks omitted) (emphasis in original).[4] Here, plaintiffs allege claims for intentional and negligent infliction of emotional distress and abuse of process. See Complaint ¶¶ 20–35. They do not allege a claim under the Rosenthal Act. As a result, the Court cannot consider this argument in deciding whether to grant the motion for a judgment on the pleadings.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motion for judgment on the pleadings. Because plaintiffs' claims for intentional and negligent infliction of emotional distress and abuse of process fail as a matter of law, granting leave to amend these claims would be futile. See, e.g., Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Accordingly, the Court dismisses these claims with prejudice. However, the Court grants plaintiffs leave to amend the complaint to allege a claim under the Rosenthal Act. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (pro se litigant's complaint should not be dismissed without leave to amend unless is clear that deficiencies in complaint cannot be cured by amendment). Plaintiffs shall file an amended complaint within **thirty (30) days** after the filing of this order. Plaintiffs are admonished that, in the event that they do not

---

[4] Although Broam was a motion to dismiss brought under Rule 12(b)(6), its reasoning is instructive because "[t]he standard governing a Rule 12(c) motion is essentially the same as that governing a Rule 12(b)(6) motion." Wahl v. Am. Sec. Ins. Co., No. C 08-00555 RS, 2010 WL 1881126, at *2 (N.D. Cal. May 10, 2010) (citing Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1156 CAS (RZx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | SERGIO K. BOSNICH; ET AL. v. CHASE BANK USA, N.A. | | |

amend the complaint within **thirty (30) days**, the Court will dismiss this action with prejudice.

    IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |